UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARINA BAUGH; for herself
and on behalf of those similarly
situated,

        Plaintiff,

v.

RNMG, INC. D/B/A SUBWAY, a
Florida Corporation, RAMZY
GIRGIS, individually,

        Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARINA BAUGH, on her own behalf, and on behalf of all similarly situated individuals, by and through undersigned counsel, hereby sues the Defendants, RNMG, INC. D/B/A SUBWAY, a Florida Corporation, and RAMZY GIRGIS, Individually ("the Defendants") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. § 216(b) ("FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 206 and § 207.

2. The Defendants in this case violated the FLSA by failing to pay

Plaintiff and other similarly-situated Sandwich Artists the proper overtime compensation for all hours worked over forty (40) in a work week.

3. This action is intended to include each and every employee, classified as a "Sandwich Artist," who worked for Defendants at any time within the past three (3) years.

4. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper as this is a claim for unpaid wages under the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq.) ("FLSA") to obtain a judgment against Defendant as to liability, recover unpaid back wages with an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

6. The Court's jurisdiction over this controversy is based upon 29 U.S.C. § 216(b).

7. Defendant, RNMG, INC. D/B/A SUBWAY, is a Florida Corporation that operates and conducts business in, among others, Sarasota County, Florida and is therefore, within the jurisdiction of this Court.

8. At all times relevant to this action, RAMZY GIRGIS, is an individual resident of the State of Florida, who owns and operates RNMG, INC. D/B/A

SUBWAY, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of RNMG, INC. D/B/A SUBWAY.  By virtue of having regularly exercised that authority on behalf of RNMG, INC. D/B/A SUBWAY, RAMZY GIRGIS, is an employer as defined by 29 U.S.C. § 201, et seq.

## PARTIES

9. At all times material to this action, Plaintiff was, and continues to be, a resident of Manatee County, Florida.

10. At all times material to this action, Defendant, RNMG, INC. D/B/A SUBWAY, was, and continues to be, a Florida Profit Corporation.  Further, at all times material to this action, Defendant, RNMG, INC. D/B/A SUBWAY, was, and continues to be, engaged in business in Florida, doing business in Sarasota County, Florida.

11. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

12. At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

13. Defendants ere, and continue to be, an "employer" within the meaning of the FLSA.

14. At all times material to this action, Defendant, RNMG, INC. D/B/A

SUBWAY, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendant, RNMG, INC. D/B/A SUBWAY, was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, cups, liquor, knives, chairs, and tables, manufactured outside of the state of Florida, and which were used directly in furtherance of Defendant's commercial activity of running a restaurant.

17. At all times material hereto, the work performed by the Plaintiff was directly essential to the Defendants' business.

## STATEMENT OF FACTS

18. On or about October 2006, Defendants hired Plaintiff to work as a non-exempt sandwich maker for Defendants' company, a restaurant, at its location in Sarasota, Florida. Plaintiff's job duties included, but were not limited to, serving sandwiches, chips, cookies, and drinks to customers. Plaintiff was employed by Defendant in this position until May 23, 2020.

19. At all times material, Plaintiff and others working for Defendants

were "employees" of Defendants within the meaning of the FLSA.

20. At all times material, Defendants were an "employer" within the meaning of the FLSA and Defendants continues to be an "employer" within the meaning of the FLSA.

21. At all times material, Defendants employed two or more employees, including Plaintiffs, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the State of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

22. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to conduct its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

23. Upon information and belief, Defendants accepted credit card payments, wire transfers, and other forms of payment that are made or processed outside the State of Florida.

24. At all times material during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than five hundred

thousand dollars ($500,000.00).

25. By Plaintiff's estimates, she routinely worked 55 hours or more in a work week.

26. When Plaintiff worked over 40 hours a week, Defendant did not pay Plaintiff time and one half for all hours worked over 40 in that work week.

27. Plaintiff was simply not paid for hours worked in excess of forty (40).

28. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

29. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-29 above.

31. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

32. During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

33. As a result of Defendants' intentional, willful, and unlawful acts in

refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

34. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

35. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

36. Defendants failed to post required FLSA informational listings as required by the FLSA.

37. Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

38. Defendants willfully violated the FLSA.

39. Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## COUNT II
## <u>COLLECTIVE ACTION, VIOLATION OF THE FLSA</u>
## (RECOVERY OF OVERTIME COMPENSATION)

40. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-29 above.

41. At all times material, Defendants employed other non-exempt employees who worked in similar capacities and who worked a substantial number of hours in excess of forty (40) per week.

42. Throughout their employment, those employees were similarly situated to Plaintiff and were subject to the same unlawful pay practices.

43. Defendant failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

44. Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

45. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff on behalf of himself and others similarly situated, demands judgment against Defendants for unpaid overtime compensation, an additional and equal amount of liquidated damages or if liquidated damages are not

awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

**Dated this 15th day of January 2021**.

**MORGAN & MORGAN, P.A.**

*/s/ Jeffrey N. Del Rio*
Jeffrey N. Del Rio, Esq.
FBN 0105849
Morgan & Morgan, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 983-2959
Facsimile: (813) 229-4059
Email:  JDelRio@forthepeople.com
*Attorney for Plaintiff*