**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARINA BAUGH,**

     **PLAINTIFF,**

 **v.**                                **CASE NO. : 8:21-cv-00125**

**RNMG, INC. D/B/A SUBWAY, A**

**FLORIDA CORPORATION, RAMZY**

**GIRGIS, INDIVIDUALLY,**

     **DEFENDANT.**

_____

**JOINT MOTION AND STIPULATION FOR**
**APPROVAL OF SETTLEMENT AND DISMISSAL WITH**
**PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, MARINA BAUGH and Defendants, RNMG, INC. D/B/A SUBWAY, a Florida corporation, RAMZY GIRGIS, Individually, by and through their undersigned counsel, move for the entry of an order approving the Settlement Agreement and Release of Claims, which is attached as Exhibit "A," and for the entry of an order dismissing the FLSA claims, with prejudice.  In support thereof, the Parties state as follows:

1.      Plaintiff has filed a lawsuit against Defendants, presently pending in the Middle District Court of Florida, Tampa Division, styled Baugh v. RNMG, INC. D/B/A SUBWAY et al, Case No.: 8:21-cv-00125 (the "Civil Action");

2.      Defendants filed their Answer and Affirmative Defenses to the Complaint on February 18, 2021, denying Plaintiff's claims and asserting numerous affirmative defenses, including, without limitation, that Plaintiff had no entitlement to the damages sought.  Doc.

15.

3.    On April 8, 20221, the Parties attended mediation before Carlos J. Burruezo, Esq and were successful in resolving the dispute in its entirety.

4.    However, since the settlement of claims under the FLSA requires approval of the Court, the parties are submitting the Agreement regarding the FLSA claims to this Court for approval.  Bonetti v. Embarq Management Co., 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009); Lynn's Food Stores, Inc. v. U.S., 679 F. 2d 1350 (11th Cir. 1982). Throughout the entirety of the resolution process, both Parties were represented by competent counsel with experience in this area of law.

5.    The Parties have agreed to a settlement amount and Plaintiff has reasonably departed from her originally estimated damages for reasons cited herein.

6.    The Parties agree this is a fair and reasonable settlement of a bona fide dispute.

7.    The Settlement Agreement is attached hereto as Exhibit "A", and the Parties have agreed that the terms reflected in the FLSA Settlement Agreement are a mutually satisfactory compromise to resolve this dispute and that the consideration for the agreement satisfies Plaintiff's indebtedness for attorneys' fees and costs.

## MEMORANDUM OF LAW

### A.    The Standard of Review

Section 16(b) of the FLSA (29 U.S.C. § 216(c)) permits employees to settle and release FLSA claims against an employer if the parties present the trial court a proposed settlement and the trial court enters an order approving the fairness of the settlement.

<u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982); <u>see also</u> <u>Schulte, Inc. v. Gangi</u>, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 Ld.Ed. 1114 (1946). Before approving a FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." <u>Lynn's Food</u>, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." <u>Lynn's Food</u>, 679 F.2d at 1354.

### B.    All Relevant Factors Support Approving the Proposed Settlement

In determining whether the settlement is fair and reasonable, the Court considers the following factors:

1.    The existence of fraud or collusion behind the settlement;

2.    The complexity, expense, and likely duration of the litigation;

3.    The stage of the proceedings and the amount of discovery completed;

4.    The probability of plaintiff's success on the merits;

5.    The range of possible recovery; and

6.    The opinions of the counsel.

<u>See</u> <u>Leverso v. South Trust Bank of Ala., Nat. Assoc.</u>, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); <u>Hamilton v. Frito-Lay, Inc.</u>, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007); <u>see also</u> <u>Hill v. Florida Industrial Elec., Inc.</u>, No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6 (M.D. Fla. Feb. 9, 2007); <u>Pacheco v. JHM Enterprises, Inc., et al.</u>, No. 6:05-cv-1247-Orl-JGG, at *4

(M.D. Fla. Apr. 12, 2006).

In reviewing such factors, there is a strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at * 2-3; see also Cotton v. Hinton. 559 F.2d 1326, 1331 (5th Cir. 1977). All such factors support approving settlement in this case.

### 1. There Is No Fraud in this Case

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seems fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party is independently represented by counsel. Defendant is represented by Attorney Frank M. Malatesta of Malatesta Law Office, and Plaintiff is represented by Luis A. Cabassa, Esq. of WENZEL FENTON CABASSA, P.A. Both counsel involved have extensive experience in litigating FLSA claims.

### 2. The Complexity, Expense, and Length of Litigation Support Early Resolution

The complexity, expense, and length of litigation heavily weigh in favor of early settlement in this case. The cost of protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high, and likely would exceed Plaintiff's alleged damages in this action. The proposed settlement minimizes such costs, preserving the Parties' and the Court's time and resources.

3.    **The Parties Have Sufficiently Investigated this Case Prior to Engaging in Settlement Discussions**

There has been sufficient investigation, discovery and exchange of information to allow the Parties to undertake a fair and reasonable settlement. The Parties have exchanged documents, including without limitation, information regarding payroll records, time records, compensation paid and correspondence between the Parties.

4.    **Probability of Success on the Merits Is in Dispute**

The Parties vigorously dispute the merits of Plaintiff's claims – making protracted litigation inevitable if the proposed settlement is not approved. In particular, Defendants assert that the Plaintiff was a salary non-exempt employee who received compensation under the fluctuating workweek method. Plaintiff asserts that the way the Defendants compensated the Plaintiff does not comply with the FLSA and points to what she believes are inconsistencies in the way the compensation was reported on her paystubs. Based on the foregoing, Defendants' costs of defending this action, Defendants' service of an offer of judgment, Plaintiff's probability of success on the merits, and the uncertainty that she would be awarded any amount or what such amount would be, this settlement is fair and reasonable.

5.    **The Range of Possible Recovery Supports Approving Settlement**

Assuming the Plaintiff is successful, the Defendants disagree with the Plaintiff's calculation of the statute of limitations, hours and damages. See Doc. 18. The total remuneration to the Plaintiff represents 1,428.5 hours of half-pay overtime premium. This is more than the Defendants believe is owed and less than the Plaintiff believes she is entitled to under the FLSA.

The proposed settlement includes payments of:

(a) $5,000 for unpaid wages, less applicable taxes and withholdings; and

(b) $5,000 for liquidated damages.

The Parties have also separately negotiated and agreed to settle Plaintiff's attorneys' fees and costs in the amount of $5,000, and without regard to the amount to be paid to Plaintiff.

6. **Counsel for Both Parties Agree the Proposed Settlement Represents a Fair Resolution**

Given the facts and circumstances of this case, counsel for both Parties concur that the proposed settlement is a fair and reasonable compromise of Plaintiff's claims.

C. **The Proposed Attorneys' Fees are Reasonable**

Where a settlement agreement includes a provision for payment of attorneys' fees, the reasonableness of the award is also the Court's responsibility "to ensure that any such allocation is reasonable." *See Silva*, 307 F. App'x. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. *Stephenson v. SunTrust Bank*, 612CV1857ORL37GJK, 2013 WL 12392468, at *2 (M.D. Fla. Aug. 20, 2013).

In this case, the Agreement provides for payment of Five Thousand Dollars and Zero Cents ($5,000.00) in attorneys' fees and costs.  The costs in this case equate to **$1,722.26**. *See* Exhibit "1." All of the aforementioned costs have been covered by Plaintiff's counsel. This recovery is less than the contingency fee Plaintiff's counsel would be entitled to under the Plaintiff's fee agreement with her counsel.  In addition, the recovery is slightly less than Plaintiff's counsel's actual lodestar in this matter. Based on the 13.50 hours put in by counsel at $300 per hour, the attorney's fees calculation utilizing the lodestar method equate to **$4.050.00**. *See* Exhibit "2."  In determining the reasonable hourly rate, courts look to the reasonable hourly rate for attorneys of a similar caliber practicing in the community. *See Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir.1993); *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir.2002); *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 586 F.Supp.2d 732, 756 (S.D. Tex. 2008).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1308 (11th Cir.1988). When an attorney's requested rate is his customary billing rate and within the range of prevailing market rates, the court should consider the rate *prima facie* reasonable if not contested. *See Louisiana Power & Light,* 50 F.3d at 328.  As noted below, case law regarding recent fee awards in FLSA cases generally and regarding Attorney Del Rio supports a fee award at a rate of at least $300.00 per hour for Attorney Del Rio. *See* Del Rio Declaration.

A survey of recent, similar FLSA cases reveals that the attorney fee rates awarded in the Middle District of Florida for similar cases and lawyers (even those with lesser experience) support the rates requested by the attorney in this matter. For example, several years ago from

2010 to 2013, hourly rates for similar cases and lawyers were awarded at $300 to typically $350 per hour. *See Jenkins, et al., v. North Texas Maintenance, Inc., et al.*, No.: 2:12-cv-00677-SPC-DNF, D.E. 35 (M.D. Fla. August 2, 2013)(awarding Attorney Murthy, a colleague of Plaintiff's counsel, $350.00 per hour six years ago); *Thomas v. Bobs Barricades, Inc.,* No.: 6:13-cv-1256-Orl-22TBS, at D.E. 11 (M.D. Fla. Oct. 4, 2013), *report and recommendation adopted,* No.: 6:13-cv-1256-Orl-22TBS, 2013 WL 5532744, at *2 (M.D. Fla. October, 7, 2013) (awarding Attorney De Arcangelis, a colleague of Plaintiff's counsel, a rate of $350 per hour six years ago) ;*Orama v. Automotive Link, Inc.,* No: 6:11-cv-954-Orl-36GJK, 2012 WL 3854505, at *3 (M.D. Fla. Aug. 27, 2012) (awarding $350 per hour seven years ago); *Montes v. Luxottica Retail North America, Inc.*, Case No.: 6:2009-cv-02179, FN 1 (M.D. Fla. Apr. 19, 2010), *report and recommendation adopted*, (M.D. Fla. Apr. 27, 2010)(awarding $350 per hour nine years ago). Since 2013, there have been higher allowances even up to $500, which supports a reasonable progression to the rates requested now eight years later. *See Carruega v. Steve's Painting, Inc.*, 2017 WL 3387228, at *3 (M.D. Fla. August 7, 2017) (awarding $500 per hour); *Gordon v. Double Eagle of Sarasota, Inc.*, Case No. 8:16-cv-2561-EAK (M.D. Fla., Doc. 42, June 21, 2019) (awarding Marc Edelman, a colleague of Plaintiff's counsel, $425 per hour in FLSA action); *Zepeda v. Sfilatino LLC*, 2018 U.S. Dist. LEXIS 76684 (S.D. Fla. May 4, 2018) (awarding $400 per hour in FLSA case for attorney with 8 years experience).

Under this circumstances described above, the agreed-upon amount for attorneys' fee and cost recovery agreed to by the Parties is reasonable and supports Court approval.

**WHEREFORE**, the Parties respectfully request that this Court approve the proposed settlement and dismiss the FLSA claims with prejudice.

By: */s/Jeffrey N. Del Rio*
Jeffrey N. Del Rio, Esq.
Morgan & Morgan, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 983-2959
Facsimile: (813) 229-4059
Email:  JDelRio@forthepeople.com
Attorney for Plaintiff

*/s/Frank M. Malatesta*
FRANK M. MALATESTA, ESQUIRE
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.:  (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
Attorney for the Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties.

*/s/Jeffrey N. Del Rio*
Jeffrey N. Del Rio, Esq.