# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARINA BAUGH; for herself and on
behalf of those similarly situated,

CASE NO.: 8:21-CV-00125

        Plaintiff,

v.

RNMG, INC. D/B/A SUBWAY, a
Florida Corporation, RAMZY GIRGIS,
individually,

        Defendants.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release (the "Agreement") is made this\_\_\_ day of July, 2021 (the "Effective Date"), by and between MARINA BAUGH ("Plaintiff"), on the one hand, and RNMG, INC. D/B/A SUBWAY, a Florida Corporation, RAMZY GIRGIS, individually, and NEVINE EWADALLA[1], Individually ("Defendants"), on the other hand. The signatories to this Agreement hereinafter are referred to individually as a "Party" or jointly as the "Parties."

This Agreement is made as a compromise between the Parties for the complete and final settlement of their claims, differences, and causes of action with respect to the matters described below.

---

[1] There is a dispute of fact over whether or not Mrs. Ewadalla, is an employer under the FLSA, individually and could be sued under the FLSA by Baugh on the same facts as this action.

1

# PREAMBLE

**WHEREAS,** Plaintiff initiated a lawsuit in the United States District Court for the Middle District of Florida, Civil Action No. 8:21-CV-00125 (the "Action") against Defendant under the federal Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA");

**WHEREAS,** Plaintiff claims that Defendant failed to pay overtime compensation to Plaintiff;

**WHEREAS,** Defendants deny Plaintiff's allegations; and

**WHEREAS,** in order to avoid further costs, burdens and distractions of litigation, the Parties now desire to settle fully and finally any and all claims alleged or that could have been alleged by Plaintiff in any legal action.

**NOW THEREFORE**, in consideration of the mutual promises and releases in this Agreement and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the Parties agree as follows:

I.  **COMPROMISE**

    A.    This Agreement is the result of a compromise and shall never be construed as an admission by Defendants of any liability, wrongdoing, or responsibility on each of their part or on the part of predecessors, successors, parents, subsidiaries, attorneys, officers, directors, transferees, or employees. Indeed, Defendants expressly deny any such liability, wrongdoing, or responsibility.

    B.    Further, the Parties agree, covenant, and represent that none of the actions that will be taken pursuant to this Agreement shall be construed as an admission of liability, any and all such liability being expressly denied. In addition, this Agreement shall not be admissible in any proceeding between the Parties, except a proceeding relating to a breach of its provisions after execution.

## II. SETTLEMENT PAYMENT

A. **Payment.** The Defendants shall pay a total settlement payment of fifteen thousand dollars ($15,000.00) ($5,000.00 allocated to Plaintiff for unpaid wages, less applicable taxes and withholdings, $5,000 allocated to Plaintiff for liquidated damages, $1,722.26 allocated MORGAN & MORGAN, PA as costs, and $3,277.74 allocated to Morgan & Morgan, P.A. as its reasonable attorneys' fees), to be paid as follows: within fifteen (15) calendar days after the approval of the settlement agreement and dismissal of the instant action with prejudice, Defendants shall deliver to Plaintiff's attorney, MORGAN & MORGAN, P.A., 201 N. Franklin St., Tampa, Florida 33602. *Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel for representing her interests in this matter.*

B. **Event of Default.** In the event the default, Plaintiff shall be entitled to a default final judgment for the full unpaid balance due under this Agreement, plus reasonable attorney's fees, costs and litigation expenses incurred in securing the final judgment, upon application to the Court via motion and supporting affidavit of non-payment and indebtedness.

C. **Court Approval of the Settlement and Dismissal of Lawsuit.** Within 5 days of receipt of the fully executed Agreement, Defendant's counsel shall file the Parties' Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice.

## III. RELEASE

A. **FLSA Release.** Plaintiff releases the Defendants from all liability under the FLSA.

B. **Other claims.** Although this release is strictly limited to the FLSA, Plaintiff confirms she is not aware of any other claims against the Defendants.

      C.      **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

      D.      **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the claims released under this Agreement.

      E.      **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

      F.      **Counterparts and Execution.** This Agreement may be executed in separate counterparts, each of which will be deemed to be an original and all of which taken together will constitute one and the same Agreement. Each counterpart shall have the same effect as if made upon the same instrument, and execution and delivery by facsimile, PDF or other electronic communication or method, including the DocuSign electronic signature system, shall bind the Parties to the same extent as would the execution and delivery of manually executed counterparts.

      G.      **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Sarasota County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising

under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

   H. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.  Furthermore, the Agreement represents the entire agreement between the Parties and shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by all Parties.

   I. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

   J. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

   K. **Full and Knowing Acceptance.** This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Doc ID: 52be26c31ad8e31cfb66a1218ee2b5529acfccd7

Date: 7/6/2021

*Marina Baugh*

**MARINA BAUGH**

Date: 07 / 08 / 2021

**RNMG, INC. D/B/A SUBWAY, a Florida Corporation**

[signature]

Sign
Print Name: Ramzy Girgis
Representative of RNMG, INC.

Date: 07 / 08 / 2021

[signature]

**RAMZY GIRGIS**

6

Doc ID: 52be26c31ad8e31cfb66a1218ee2b5529acfccd7


Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | 1625599563-Baugh_..._%28SIGNED%29.pdf |
| **DOCUMENT ID** | 52be26c31ad8e31cfb66a1218ee2b5529acfccd7 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

**This document was requested on malatestalawoffice.cliogrow.com and signed on malatestalawoffice.cliogrow.com**

## Document History

**SENT**  
**07 / 06 / 2021**  
19:26:45 UTC  
Sent for signature to Ramzy Girgis (nevine_goubran@yahoo.com) from frank@malatestalawoffice.com  
IP: 73.55.34.185

**VIEWED**  
**07 / 07 / 2021**  
14:39:25 UTC  
Viewed by Ramzy Girgis (nevine_goubran@yahoo.com)  
IP: 47.192.132.106

**SIGNED**  
**07 / 08 / 2021**  
19:17:16 UTC  
Signed by Ramzy Girgis (nevine_goubran@yahoo.com)  
IP: 47.192.132.106

**COMPLETED**  
**07 / 08 / 2021**  
19:17:16 UTC  
The document has been completed.

Powered by HELLOSIGN